### IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

ALPHONSO MARSHALL, INDIVIDUALLY AND
ON BEHALF OF ALL OF THE HEIRS AT LAW
AND WRONGFUL DEATH BENEFICIARIES
OF THE ESTATE OF VANESSA MARSHALL,

**PLAINTIFFS**

V.                           CIVIL ACTION NO. ___11,0060-CI___

RIVER REGION MEDICAL CENTER
D/B/A RIVER REGION HEALTH SYSTEM;
VICKSBURG HEALTHCARE, LLC; AND
AND JOHN DOES 1-10                                    **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI
COUNTY OF WARREN



TO:     River Region Medical Center
        d/b/a River Region Health System
        2100 Highway 61 North
        Vicksburg, Mississippi 39183

### NOTICE TO DEFENDANT

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of your written response to the Complaint to Thomas J. Bellinder, attorney for the Plaintiff, whose street address is 158 East Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this court within a reasonable time afterward.

Issued under my hand and the seal of the Court, this the ___13___ day of _____, 2011.

SHELLY ASHLEY-PALMERTREE, CIRCUIT CLERK
WARREN COUNTY, MISSISSIPPI

BY: _____ D.C.

CERTIFIED AND ATTESTED A TRUE COPY
This _15_ DAY OF _aug_ 20_11_
SHELLY ASHLEY-PALMERTREE, CIRCUIT CLERK
BY_____ D.C.

Counsel for Plaintiffs
Dennis C. Sweet, III, MSB# 8105
Thomas J. Bellinder, MSB# 103115
SWEET & ASSOCIATES
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone: (601) 965-8700
Facsimile: (601) 965-8719

## IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

**ALPHONSO MARSHALL, INDIVIDUALLY AND**
**ON BEHALF OF ALL OF THE HEIRS AT LAW**
**AND WRONGFUL DEATH BENEFICIARIES**
**OF THE ESTATE OF VANESSA MARSHALL,**

                                           **PLAINTIFFS**

**V.**                            **CIVIL ACTION NO.** _11,0060-CI_

**RIVER REGION MEDICAL CENTER**
**D/B/A RIVER REGION HEALTH SYSTEM;**
**VICKSBURG HEALTHCARE, LLC; AND**
**AND JOHN DOES 1-10**                              **DEFENDANTS**

## COMPLAINT

### PLAINTIFFS REQUEST TRIAL BY JURY

COME NOW, ALPHONSO MARSHALL, INDIVIDUALLY AND ON BEHALF OF ALL OF THE HEIRS AT LAW AND WRONGFUL DEATH BENEFICIARIES OF THE ESTATE OF VANESSA MARSHALL, (hereinafter "Plaintiffs" unless individually specified), and file this, their Original Complaint against Defendants RIVER REGION MEDICAL CENTER d/b/a RIVER REGION HEALTH SYSTEM; VICKSBURG HEALTHCARE, LLC; AND JOHN DOES 1-10 (hereinafter collectively referred to as "Defendants" unless specifically identified), and would state the following, to-wit:

### PARTIES

### (1)

Alphonso Marshall is an adult resident citizen of Claiborne County, Mississippi whose current mailing address is 6158 Tillman Road, Port Gibson, MS 39150. Alphonso Marshall was appointed by Decree of the Claiborne County Chancery Court to serve as Administrator of the Estate of Vanessa Marshall. A copy of the Decree has been attached hereto and incorporated herein as Exhibit "A".

**FILED**

CERTIFIED AND ATTESTED A TRUE COPY
This _15_ DAY OF _Aug_ 20_11_
SHELLY ASHLEY-PALMERTREE, CIRCUIT CLERK
BY_____ D.C.

MAY 03 2011
SHELLY ASHLEY-PALMERTREE, CIRCUIT CLERK
BY_____ D.C.

(2)

Defendant River Region Medical Center is a domestic corporation organized under the laws of the State of Mississippi. Defendant is currently doing business as "River Region Health System." Defendant is authorized to do business within this State according to the Secretary of State's Office. Defendant operates as a hospital with a current physical address of 2100 Highway 61 North in Vicksburg, Warren County, Mississippi. Pursuant to Rule 4(d)(4) of the Mississippi Rules of Civil Procedure, this Defendant may be served by serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process for River Region Medical Center.

(3)

Defendant Vicksburg Healthcare, LLC is a Delaware corporation with its principal office address at 1013 Centre Road, Wilmington, DL 19805. Defendant has appointed CSC of Rankin County, Inc. as its registered agent for service of process, who may be served at Mirror Lake Plaza, 2829 Lakeland Dr., #1502, Flowood, MS 39232.

(4)

Plaintiffs' Original Complaint also names John Does 1 through 10, specifically including doctors, physicians, orderlies, and/or nurses, whose full identities are not known at this time, but may be substituted and served with process upon the revelation of their identities. These unknown defendants are believed to be adult residents of the State of Mississippi and were at all relevant times responsible for the care and medical treatment of Vanessa Marshall.

<u>JURISDICTION</u>

(5)

This Honorable Court has jurisdiction over the parties and this cause of action. This civil

action arises out of the tortious acts and omissions of the Defendants committed in whole or in part in Warren County in the State of Mississippi against residents of the State of Mississippi. On or about December 15, 2010, Plaintiffs, by and through her undersigned counsel, caused to be filed and delivered by certified U.S. mail to each and every Defendant, a notice of claim letter regarding the act(s) and/or omission(s) set forth herein. Miss. Code Ann. § 15-1-36.  A copy of said letter is incorporate herein by referenced and attached as "Exhibit B."  Plaintiffs submit that the Notice of Claim letter has been on file and these Defendants on notice at least sixty (60) days prior to filing the instant suit.

## VENUE

### (6)

Venue is properly established before this Court based upon Mississippi Code Annotated § 11-11-3(1)(a)(i) (Amended 2002).  Pursuant to the statute, venue is proper because the present action has been instituted where at least one of the individual defendants resides and/or where the acts and omissions complained of occurred.

## FACTS

### (7)

Vanessa Marshall, a 37 year old female, was hospitalized for nausea and vomiting on or about February 20, 2009.  Doctors initially believed her symptoms were due to complications from her diabetes.  Ms. Marshall was admitted to River Region on March 2, 2009 with an abscess of the perineum extending into the vulva.  Ms. Marshall developed a condition known as necrotizing fasciitis, where the flesh, muscles and covering of muscles becomes rotten.

### (8)

Ms. Marshall was seen on March 16, 2009 by a nephrologist, who documented issues

with her malnutrition.   The nephrologist stated Ms. Marshall's albumin had dropped to 1; medical literature reveals that a human being cannot live with an albumin of 1, and that it is a predictor of sudden death.   Ms. Marshall's albumin level was never corrected; as her massive wounds required proteins for healing, her malnutrition.

(9)

On or about March 25, 2009, Ms. Marshall was sitting with her family ordering lunch in the hospital cafeteria, when she suffered cardiac arrest.   She was placed on a ventilator, but arrested once again.   Ms. Marshall then suffered anoxic encephalopathy (brain death), and expired on March 28, 2009.

(10)

Ms. Marshall became malnourished while in the care and custody of the River Region Medical Center, its doctors, nurses and medical staff.   As such, named Defendants (including the unknown employees of the aforementioned facilities in their official capacities as well as other unknown entities) and others deviated from the standard of care by failing to timely and properly treat Ms. Marshall's giant wound and infections, causing Ms. Marshall's malnourishment, a severe loss of proteins and her eventual death.

(11)

Plaintiffs have incurred the following losses as a result of the medical negligence caused by Defendants: sustained physical pain, severe emotional distress, psychological distress, mental anguish, loss of enjoyment of life, conscience pain and suffering, wrongful death, economic damages (of all kinds), non-economic damages (of all kinds), funeral expenses, medical expenses and other damages to be identified during the course of discovery.

## CAUSES OF ACTION

### MEDICAL NEGLIGENCE

#### (12)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

#### (13)

Defendants were entrusted with important duties related to the overall care, treatment, and wellbeing of Vanessa Marshall, including but not limited to, providing minimally competent healthcare treatment, diagnoses, and prognosis with regard to her health and physical condition.

#### (14)

Defendants owed Vanessa Marshall a duty to exercise that standard of care required of a minimally qualified medical facility, which includes physicians, nurses, and others, with similar medical resources as were available at River Region at the time Vanessa Marshall was treated.

#### (15)

Defendants breached the standard of care by failing to properly diagnose, treat, and/or prevent the worsening or deterioration of Vanessa Marshall's condition.   Specifically, Defendants caused and otherwise permitted malnourishment and a critically low albumin level, which led to Vanessa Marshall's death. Defendants were also negligent in their overall care and treatment of Vanessa Marshall's necrotizing fasciitis, as well as her overall care and treatment after the malnourishment occurred.

#### (16)

The act(s) and/or omission(s) of the Defendants proximately caused a severe, catastrophic, and permanent injury to Vanessa Marshall, which ultimately resulted in her death.

(17)

The above acts constitute medical negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by Plaintiffs.

## NEGLIGENT HIRING, RETENTION, SUPERVISION, AND/OR CONTROL

(18)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

(19)

At the time and on the occasion in question, Defendants employed and retained certain physicians and nursing staff, who, while acting within the course and scope of their respective employment with River Region and/or Vicksburg Healthcare, LLC, negligently caused and/or contributed to the death of Vanessa Marshall.

(20)

Further, Defendants were negligent in their hiring, training, retention, supervision and/or control of its employees. Defendants had individual duties to exercise ordinary care in the hiring, training, and supervision of its employees. Defendants breached their individual duties in the following respects, among others:

    a.    Failing to adequately monitor and supervise its employees;

    b.    Failing to adequately train its employees and nursing staff;

    c.    Failing to properly treat and care for Vanessa Marshall's condition as a whole; and

    d.    other act(s) and/or omission(s).

(21)

The above acts constitute negligence and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiffs.

## GROSS NEGLIGENCE

(22)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

(23)

The action(s) and/or omission(s) of these Defendants, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs.  Defendants River Region and Vicksburg Healthcare, LLC, by and through their employees, servants, and/or agents, had actual, subjective awareness of the risk of further injury to Vanessa Marshall once the necrotizing fasciitis, low protein levels and malnourishment set in. Nevertheless, Defendants' agents and employees proceeded with conscious indifference as to the rights, safety, and welfare of necrotizing fasciitis in negligently treating her symptoms.  Such conduct constitutes gross negligence (malice) as the term is defined under Mississippi law.

(24)

The above act(s) and/or omission(s) constitute gross negligence and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiffs.

## RESPONDEAT SUPERIOR

(25)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

(26)

Defendants River Region and/or Vicksburg Healthcare, LLC employed certain doctors, physicians, nurses and/or nursing staff at the time necrotizing fasciitis was injured. Based upon information and belief, the doctors, physicians, nurses and/or nursing staff with River Region and/or Vicksburg Healthcare, LLC negligently caused the death of Vanessa Marshall. Based upon information and belief, the nurses and/or nursing staff with River Region and/or Vicksburg Healthcare, LLC negligently failed to place Vanessa Marshall in a barometric chamber to treat her necrotizing fasciitis. At all relevant times, these doctors, physicians, nurses and/or nursing staff were acting within the course and scope of their employment with River Region and/or Vicksburg Healthcare, LLC. At all relevant times, these doctors, physicians, nurses and/or nursing staff were actual employees of River Regions and/or Vicksburg Healthcare, LLC. At all relevant times, these doctors, physicians, nurses and/or nursing staff were not independent contractors. As a result, Mississippi law imposes liability upon employers, such as River Region and/or Vicksburg Healthcare, LLC, for injuries caused by their employees while acting within the course and scope of their employment.

LOSS OF ENJOYMENT OF LIFE/PAIN AND SUFFERING

(27)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

(28)

As a result of this incident, Plaintiffs have not been able to spend quality time with each

other and their family due to the physical, emotional, economical, and psychological drain the entire incident has placed upon their family. Plaintiffs have incurred both physical and mental pain and suffering relating to this incident. As a result, Plaintiffs' Complaint specifically asks for relief for loss of enjoyment of life and pain and suffering proximately caused by the accident described herein. Plaintiffs would request an award for loss of enjoyment of life and pain and suffering that complies with current Mississippi law.

## PIERCING THE CORPORATE VEIL

### (29)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

### (30)

Defendant Vicksburg Healthcare, LLC is nothing more than a shell corporation and an alter ego of Defendant River Region Medical Center. All information related to the facility where Plaintiffs suffered their injuries indicates that the true identity of said place is "River Region Medical Center." The hospital's medical records, medical bills, website, television advertising, sign, etc. all reveal that the hospital is, and is known as, "River Region Medical Center" in Vicksburg, Mississippi.

### (31)

Defendants, River Region Medical Center and Vicksburg Healthcare, LLC share offices, employees, assets, and other elements incident to conducting business within the State of Mississippi.

### (32)

9

Defendant River Region Medical Center operates and does business within the State of Mississippi, while Defendant Vicksburg Healthcare, LLC is a foreign corporation which does not make its corporate identity known throughout the business activities in Mississippi.  It appears that one of the main purposes of such an arrangement is to attempt to remove any pending state court claims to federal court utilizing federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 (2008), while both Defendants reap the benefits of operating and doing business within the State of Mississippi.

(33)

Defendants, River Region Medical Center and Vicksburg Healthcare, LLC disregarded recognized corporate formalities under Mississippi law and/or used the corporate form to commit misfeasance.

(34)

As a result, Defendants, River Region Medical Center and Vicksburg Healthcare, LLC is (are) liable as joint tortfeasors for the injuries and damages sustained by the Plaintiffs.  To this end, Plaintiffs assert that the corporate veil should be pierced and that the Plaintiffs be allowed to proceed against both defendants as they are jointly and severally liable for the Plaintiffs' injuries and damages.

ECONOMIC DAMAGES

(35)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

(36)

As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek the

recovery of any and all kinds of economic damages incurred as a result of the death of Vanessa Marshall.

## NON-ECONOMIC DAMAGES

### (37)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

### (38)

As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek recovery for certain non-economic damages, in addition to those claims for such damages explicitly stated herein, which occurred as a result of Defendants' negligent act(s) and/or omission(s); including, but not limited to: pain, suffering, wrongful death, dismemberment, partial disfigurement, permanent disfigurement, inconvenience, mental anguish, worry, emotional distress, loss of society and companionship, loss of consortium, physical impairment, loss of the enjoyment of life, hedonic damages, and others as set forth in Miss. Code Ann. Sect. 11-1-60 (2006).

## PUNITIVE / EXEMPLARY DAMAGES

### (39)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

### (40)

As Defendants' actions constituted a reckless disregard for the rights and safety of other human beings, Plaintiffs specifically request a punitive damages instruction as to all Defendants. Punitive damages instructions may be given when the trial court so determines that the Defendants' conduct is so willful, wanton, or egregious that it evidences a reckless disregard for

the rights and safety of others.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15

### (41)

Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiffs herein specifically reserve the right to name additional defendants, and to otherwise amend this Complaint as necessary, should later facts establish the need to do so.

## SUBSTITUTION OF PARTIES PURSUANT TO MISS. R. CIV. P. 25 & 9(h)

### (42)

Pursuant to Rules 25 and 9(h) of the Mississippi Rules of Civil Procedure, Plaintiffs herein specifically reserve the rights to substitute any and all real parties in interest once their true identities have been revealed through discovery.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants the above damages, including actual, compensatory, exemplary, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

This, the 12th day of May 2011.

Respectfully submitted,

ALPHONSO MARSHALL, INDIVIDUALLY AND ON BEHALF OF ALL OF THE HEIRS AT LAW AND WRONGFUL DEATH BENEFICIARIES OF THE ESTATE OF VANESSA MARSHALL

BY: _____

Thomas J. Bellinder
Dennis C. Sweet III
Terris C. Harris, J.D., LL.M.

*Attorneys for the Plaintiffs*

12

Of Counsel:
Dennis C. Sweet III, MSB # 8105
Terris C. Harris, MSB # 9943
Thomas J. Bellinder, MSB # 103115
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, Mississippi  39201
Phone: 601-965-8700
Fax:    601-965-8719

# CERTIFICATE OF CONSULTATION

I, Thomas J. Bellinder, Esq., one of the attorneys for the Plaintiffs, do hereby certify that prior to this date, this attorney has reviewed the facts of this case and has consulted with at least one (1) expert, qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence, who is ready, willing, qualified, and able to provide expert testimony as to the standard of care or negligence and who this attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that this attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action. I, Thomas J. Bellinder, Esq., make this certificate in compliance with Mississippi Code Annotated Section 11-1-58 (2007) and all other applicable statutes.

This, the 12ᵗʰ day of May, 2011.

BY: _____
      Thomas J. Bellinder

Of Counsel:
Dennis C. Sweet III, MSB # 8105
Terris C. Harris, MSB # 99433
Thomas J. Bellinder, MSB # 103115
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, Mississippi 39201
Phone: 601-965-8700
Fax:     601-965-8719

14

IN THE CHANCERY COURT OF CLAIBORNE COUNTY, MISSISSIPPI

IN THE MATTER OF THE ESTATE
OF VANESSA D. MARSHALL, DECEASED

ALPHONZO MARSHALL, PETITIONER          NO.: 2009-0243PR

## DECREE GRANTING PETITION TO APPOINT
## ADMINISTRATOR AND FOR LETTERS OF ADMINISTRATION

THIS MATTER, having come before the Court on the Petition of Alphonzo Marshall, for Appointment of Administrator and Letters of Administration of the Estate of Vanessa D. Marshall, deceased, and the Court, after being fully advised in the premises does find as follows:

1.     That on March 30, 2009, Vanessa D. Marshall, departed this life, having at the time of her death a fixed place of resident in Claiborne County, Mississippi, having resided at 6158 Tillman Road, Port Gibson, MS 39150. At the time of her death, the decedent was 37 years of age, having been born July 8, 1971.

2.     That the deceased, as far as the Petitioner believes, left no Last Will and Testament.

3.     That the Petitioner, Alphonzo Marshall, is the father of the decedent. The decedent left surviving the following potential heirs-at-law:

a.     Alphonzo Marshall- father;

b.     Merlene Marshall -mother;

c.     Faye Marshall-sister;



FILED

JAN 0 5 2010

Book _____ Page _____
Gloria Dotson, Clerk
By _Culbert_          D.C.



EXHIBIT
"A"

   d.  Michael Marshall – brother

   e.  Loretha Marshall – sister; and

   f.  Demetrius Wansley

  4.  That the decedent left an estate consisting of nothing more than personal effects such as clothing. As such, the Petitioner requests that the requirement of posting a bond be waived.

  5.  That the Petitioner is in all respect qualified to serve as Administrator of the Estate of Vanessa D. Marshall, deceased, and is ready, willing and able to assume and perform the duties of his office. Petitioner is over the age of eighteen (18) years, is of sound mind and not a convicted felon.

  6.  That the Petitioner has and shall make reasonably diligent efforts to identify persons having claims against the estate, and will give notice to them by mail as required by §91-7-145, Miss. Code Ann., 1972, as amended.

  7.  That in accordance with Miss. Code Ann. 91-7-61, as amended, Petitioner is seeking appointment to investigate and/or bring a lawsuit against defendants unknown to the Petitioner at this time for the wrongful death of Vanessa Denise Marshall, deceased. Petitioner request that upon closing of the investigation and/or litigation his duties as Administrator shall cease and no accounting will be required.

IT IS THEREFORE ORDERED AND ADJUDGED that the Petitioner is hereby appointed Administrator of the Estate of Vanessa D. Marshall, deceased; and that Letters of Administrator shall be granted to him upon taking and filing an Administrator's Oath as required by law;

IT IS FURTHER ORDERED AND ADJUDGED that upon closing of the investigation and/or litigation Alphonzo Marshall's duties as Administrator shall cease and no annual accounting will be required.

SO ORDERED AND ADJUDGED this the _17_ day of _Dec_ 2009.

_____
CHANCELLOR

Submitted by:

_____
Dennis C. Sweet III – MSB: 8105
Warren L. Martin, Jr. – MSB: 101528
Thomas Bellinder – MSB: 103115
SWEET & ASSOCIATES, P.A.
158 East Pascagoula Street
Jackson, MS 39201
Tele: 601-965-8700
Fax: 601-965-8719

### The Time and Place the Injury Occurred

This representation arises from the medical treatment of Vanessa Marshall, which began on or about February 20, 2009.  At all relevant times, Vanessa Marshall was a patient of and in the sole care, custody and control of River Region Medical Center, its doctors, nurses and other medical staff.  Claimants have it upon information and belief that the location of the events leading to Vanessa Marshall's death took place at River Region Medical Center, 2100 Highway 61 North, Vicksburg, MS 39183.  Claimants reserve the right to supplement an additional location and further information as it becomes available.  On or about March 28, 2009, Vanessa Marshall died.

### Residence of the Person Making the Claim at the Time of the Injury

At the time of this injury, Vanessa Marshall maintained a permanent residence at 6158 Tillman Road, Port Gibson, Mississippi 39150.

### Residence of the Claimant at the time of the Filing of this Notice

At the filing of this notice, Alphonso Marshall resides at 6158 Tillman Road, Port Gibson, Mississippi 39150. The Estate of Vanessa Marshall has been opened in the Chancery Court of Claiborne County, Mississippi; Alphonso Marshall, as the natural father and next friend of the decedent, has been appointed Administrator of the Estate of Vanessa Marshall.

### The Circumstances Which Brought About the Injury
### The Extent of the Injury
### The Names of All Persons Known to Be Involved

Vanessa Marshall, a 37 year old female, was hospitalized for nausea and vomiting on or about February 20, 2009.  Doctors initially believed her symptoms were due to complications from her diabetes.  Ms. Marshall was seen again at River Region on March 2, 2009.  At that visit, Doctors discovered an abscess on her perineum.  Ms. Marshall developed a condition known as necrotizing fasciitis, where the flesh, muscles and covering of muscles becomes rotten.  Doctors performed a debridement on Ms. Marshall, essentially a removal of the rotten tissue.  Expert testimony in this matter will state that a barometric chamber is the proper treatment for necrotizing fasciitis; according to the medical records, Ms. Marshall was never placed in a barometric chamber.

Ms. Marshall was seen on March 16, 2009 by a nephrologist, who documented issues with her malnutrition.  The nephrologist stated that Ms. Marshall's albumin had dropped to 1; expert testimony will reveal that a human being cannot live with an albumin of 1, and that it is a predictor of sudden death.  Ms. Marshall's albumin level was never corrected; as her massive wounds required proteins for healing, her malnutrition.

On or about March 25, 2009, Ms. Marshall was sitting with her family ordering lunch in the hospital cafeteria, when she suffered cardiac arrest.  She was placed on a

ventilator, but arrested once again.  Ms. Marshall then suffered anoxic encephalopathy (brain death), and expired on March 28, 2009.

According to expert review, Ms. Marshall became malnourished while in the care and custody of the River Region Medical Center, its doctors, nurses and medical staff. As such, River Region Medical Center Auxiliary; River Region Health System; River Region Medical Center; and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities); and others deviated from the standard of care by failing to timely place Ms. Marshall in a barometric chamber, and by failing to timely and properly treat the giant wound and infections she developed, causing malnourishment, a severe loss of proteins and her eventual death.

The act(s) and/or omission(s) of River Region Medical Center Auxiliary; River Region Health System; River Region Medical Center; and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities); and others caused and/or exacerbated the condition and ultimate death of Vanessa Marshall.  Claimants have it on information and belief that the medical conditions Ms. Marshall experienced immediately prior to her death were directly and proximately caused as a result of the act(s) and/or omission(s) of those listed herein. Claimants are prepared to show by the appropriate standard of proof that River Region Medical Center Auxiliary, River Region Health System, River Region Medical Center; and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities); and others breached the standard of care owed to Vanessa Marshall, deceased.  As a result of the act(s) and/or omission(s), Ms. Marshall sustained conscience pain and suffering, loss of enjoyment of life, economic as well as other non-economic damages. The extent of the injury includes the aforementioned elements as well as death.

It is abundantly clear that from the act(s) and/ or omission(s) of River Region Medical Center Auxiliary, River Region Health System, River Region Medical Center; and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities); and others, there was a breach of the standard of care owed to Vanessa Marshall, deceased.  As a proximate cause of the breach of this standard of care, Alphonso Marshall on behalf of the Estate of Vanessa Marshall, deceased, seeks damages for sustained physical pain, severe emotional distress, psychological distress, mental anguish, loss of enjoyment of life, conscience pain and suffering, wrongful death, economic damages (of all kinds), non-economic damages (of all kinds), funeral expenses, medical expenses and other damages as a result of this incident.

<u>Types of Claims Likely to Be Made</u>
<u>Amount of Money Damages Sought</u>

Claimant intends to assert the following state law claims:  (i) negligence, (ii) gross negligence, (iii) medical malpractice, (iv) negligent inflection of emotional distress, (v) civil battery, (vi) *res ipsa loquitur* liability; (vii) *negligence per se;* (viii) wrongful death,

(ix) loss of consortium; (x) fraud (xi) economic damages; (xii) non-economic damages; (xiii) punitive damages against any and all defendants not afforded protection under the Mississippi Tort Claims Act, as well as (xiv) other causes of action which may later be established by the evidence. Claimants seek money damages in excess of the jurisdictional amount of the circuit court of competent jurisdiction within the State of Mississippi for past, present and future medical expenses, pain and suffering, and any additional damages claimants may be entitled to by law or that the circuit court may deem appropriate. As of the date of this notice, claimants seek money damages in the amount of $15,000,000.00, plus attorneys' fees and costs.

Please refer all correspondence or communication to my office relating to this claim. Should you need additional information, please contact my office.

Respectfully,

SWEET & ASSOCIATES

By: _____

Dennis C. Sweet, III
Warren L. Martin, Jr.
Thomas J. Bellinder

## IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

ALPHONSO MARSHALL, INDIVIDUALLY AND
ON BEHALF OF ALL OF THE HEIRS AT LAW
AND WRONGFUL DEATH BENEFICIARIES
OF THE ESTATE OF VANESSA MARSHALL,                            **PLAINTIFFS**

V.                                                  CIVIL ACTION NO. 11, 0060-CI

RIVER REGION MEDICAL CENTER
d/b/a RIVER REGION HEALTH SYSTEM;
VICKSBURG HEALTHCARE, LLC; AND
AND JOHN DOES 1-10                                            **DEFENDANTS**

### NOTICE OF SERVICE

Notice is hereby given that the Plaintiffs have this date served in the above-referenced matter the following documents, along with the original complaint:

1) Plaintiffs' First Set of Interrogatories, Requests for Production of Documents and Things and Requests for Admissions propounded to Defendant River Region Medical Center d/b/a River Region Health System.

The undersigned retains the original of the above document as custodian thereof pursuant to the local rules.

Respectfully submitted this the 11th day of July, 2011.

ALPHONSO MARSHALL, INDIVIDUALLY
AND ON BEHALF OF ALL OF THE HEIRS
AT LAW AND WRONGFUL DEATH
BENEFICIARIES OF THE ESTATE OF
VANESSA MARSHALL

BY: _____
Dennis C. Sweet, III
Terris C. Harris
Thomas J. Bellinder

Of Counsel:
Dennis C. Sweet, III, MSB # 8105
Terris C. Harris, MSB # 99433
Thomas J. Bellinder, MSB # 103115

CERTIFIED AND ATTESTED A TRUE COPY

This 15 DAY OF _____ 20 11
SHELLY ASHLEY-PALMERTREE, CIRCUIT CLERK

BY_____ D.C.

SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, Mississippi 39201
Phone: 601-965-8700
Fax:     601-965-8719

## CERTIFICATE OF SERVICE

I, Thomas J. Bellinder, attorney for Plaintiff, hereby certify that a true and correct copy of the foregoing has been served along with the complaint in this matter to all parties of record.

This the 11th day of July, 2011.

By: _____

        Thomas J. Bellinder

IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

ALPHONSO MARSHALL, INDIVIDUALLY AND
ON BEHALF OF ALL OF THE HEIRS AT LAW
AND WRONGFUL DEATH BENEFICIARIES
OF THE ESTATE OF VANESSA MARSHALL,                        **PLAINTIFFS**

V.                                                CIVIL ACTION NO. 11, 0060-CI

RIVER REGION MEDICAL CENTER
d/b/a RIVER REGION HEALTH SYSTEM;
VICKSBURG HEALTHCARE, LLC; AND
AND JOHN DOES 1-10                                       **DEFENDANTS**

---

### PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS AND REQUESTS FOR ADMISSIONS PROPOUNDED TO DEFENDANT, RIVER REGION MEDICAL CENTER d/b/a RIVER REGION HEALTH SYSTEM

---

**COMES NOW** the Plaintiffs ALPHONSO MARSHALL, INDIVIDUALLY AND

ON BEHALF OF ALL OF THE HEIRS AT LAW AND WRONGFUL DEATH

BENEFICIARIES OF THE ESTATE OF VANESSA MARSHALL, (hereinafter

"Plaintiffs" unless individually specified), pursuant to Mississippi Rules of Civil Procedure 33

and 34, files this their First Set of Interrogatories, Requests for Production of Documents

and Things and Requests for Admissions propounded to Defendant, RIVER REGION

MEDICAL CENTER d/b/a RIVER REGION HEALTH SYSTEM (Hereafter River

Region Medical Center) to be answered as follows:

### GENERAL INSTRUCTIONS

1.    If any of these discovery requests cannot be answered in full, you should answer to the extent possible and specify the reasons for the inability to answer the remainder and you should state whatever information or knowledge you have concerning the unanswered portion.

2.    In answering these discovery requests, please furnish such discoverable information as is known or available to Defendants, regardless of whether this information is

obtained directly by, or known to, or obtained by, any of its attorneys or other agents or representatives.

3.     In answering where production of a document is requested, required or referred to, a legible and accurate reproduction of said document may be produced as a method of convenience. However, the Plaintiffs does not waive any right to access, inspect, demand and/or subpoena the original of said document.

4.     These discovery requests shall be, pursuant to the rules, continuing interrogatories to the date of trial, and many changes in answers given, occasioned by new information or other reason, shall be immediately supplemented in accordance with the applicable rules.

## DEFINITION OF TERMS

1.     Throughout these interrogatories, including the definition of terms, the words used in masculine gender include the feminine, and the words used in the singular include the plural. Where the word "or" appears herein, the meaning intended is the logical inclusive "or", i.e., "and/or".

2.     Throughout these interrogatories, the following terms have the meanings indicated:

    a.     **Date** means the exact day, month and year, if ascertainable, or if not the best approximation (including relationship to other events).

    b.     **Person** means any individual, corporation, proprietorship, partnership, association or any other entity.

    c.     **Identify when referring to a person, as defined above,** means state the following:

        (1)     The name of that person;

        (2)     The address of that person;

        (3)     If the present residence or business address in unknown, state the last known address or any other information known by the Defendant that might reasonably lead to the person being located;

        (4)     The telephone number of that person (home and business, where applicable), or that person's last known telephone number;

        (5)     If that person is an individual, state his employer, his position with the duties for that employer, and the address of that employer.

e.   **Identify when referring to a document** as defined above, means to provide the following information:

(1)   The date of the document;

(2)   The title of the document;

(3)   The author of the document;

(4)   The person for whom the document was prepared;

(5)   The subject matter covered by the document;

(6)   The present location of the document; and

(7)   The custodian of the document, including his name, address and business telephone number.

f.   **Identify when referring to a verbal or oral communication (report)** means to provide:

(1)   The date of the report;

(2)   The person by whom the report was made;

(3)   The person to whom the report was made;

(4)   The person(s) who witnesses or heard the report, or in whose presence the report was made;

(5)   Where the report was made; and,

(6)   The contents of the report.

g.   **Description** or **to describe** means to provide a narrative, detailed chronological history of the incident or event(s) inquired about, including pertinent dates, identifying persons involved, identifying documents utilized or generated, and identifying pertinent oral or verbal communications

h.   **State the basis for a claim or allegation** means to provide the following information:

(1)   Identify the persons involved in the event or incident about which the claim or allegation is made;

(2)   Identify persons involved in the event or incident about which the claim or allegation is made;

(3)     Identify documents pertaining to such incident or event about which such claim or allegation is made;

(4)     Identify documents providing information about such incident or event about which such claim or allegation is made;

(5)     Identify oral or verbal communications pertaining to such incident or event about which such claim or allegation is made;

(6)     Describe the incident or event about which such claim or allegation is made.

i.     **"You"** refers to each Defendant singularly and to all Defendants collectively.

**INTERROGATORY NO. 1**:  Please state the full name(s), current address(es), social security number(s), date(s) of birth, employment position(s) and title(s) of the person(s) answering these discovery requests on behalf of River Regional Medical Center.

**INTERROGATORY NO. 2**:  Please describe in your own words exactly how and why the injuries and/or conditions that are the subject matter of this action occurred.  In your response, please include a detailed description as to the treatment Vanessa Marshall received.    Please provide a detailed statement as to the role of all of your agent(s)/employee(s) in the events leading up to and subsequent to the death of Vanessa Marshall.

**INTERROGATORY NO. 3:**  If you contend that some other person or entity is, in whole or part, liable to Plaintiffs or Defendants, please state such person or entity's full name, address, and telephone number, and describe in detail the basis of such liability.  This interrogatory includes the identities of persons or entities at "fault" within the meaning of Miss. Code Ann. § 85-5-7 (Supp. 1998).

**INTERROGATORY NO. 4:**  Please identify and provide a list of each lay, fact, or occurrence witness whom you may call to testify at the trial of this action.

**INTERROGATORY NO. 5:**   With respect to all witnesses whom you will or may call as experts to give opinion testimony in the trial of this matter, please state the following:

  a.  the name, address and phone number of each;

  b.  the field in which they are offered as an expert;

  c.  a summary of their qualifications in the field in which they are expected to testify;

  d.  the substance of the facts to which they are expected to testify;

  e.  the substance of the opinions to which they are expected to testify and a summary of the grounds of each;

  f.  identify each text, other publication or document on  which the expert relies for those opinions; and

  g.  the dates of reports rendered by such experts; for whom prepared; and whose custody such reports are at present.

**INTERROGATORY NO. 6:**  Please identify and provide a list of all documents you intend to introduce as evidence at the trial of this case.

**INTERROGATORY NO. 7:**  Please state the name, last known address, present whereabouts, telephone number and place of employment of each person known or believed by you or anyone acting on your behalf to:

  a. Have been an eyewitness to the events, injuries and/or conditions that are the subject matter of this case;

  b. Have been within sight or hearing of events, injuries and/or conditions that are the subject matter of this case;

c.  Have firsthand knowledge of the facts and circumstances of the events, injuries and/or conditions that are the subject matter of this case, either leading up to or following them;

d.  Have any knowledge of relevant conditions of the events, injuries and/or conditions that are the subject matter of this case, existing prior to and/or after the same; or

e.  Have any other knowledge of discoverable facts.

**INTERROGATORY NO. 8:**  Please identify all insurance policies, primary and excess, under which an insurer may be called upon to satisfy all or part of any judgment entered or settlement reached in this action.  With respect to such policies, state the primary and excess single occurrence limits and identify the insurer and all insured.

**INTERROGATORY NO. 9:**  Please identify the names, addresses, phone numbers and their relationships to River Region Medical Center of all persons from whom you have taken statements, whether written, recorded or otherwise regarding the incidents giving rise to this cause of action, i.e. the medical treatment of and diagnosis of Vanessa Marshall.

**INTERROGATORY NO. 10:**  Please list all information, including but not limited to all photographs, videos, correspondence, tangible objects, electronic mail messages, documents or other objects in the possession and/or control of this party, its agents, employees or representatives, this party's attorney(s), its agents, employees or representatives, this party's insured(s), its agents, employees or representatives which contain: (a) information which identified another theory of liability which the Defendant could potentially prove against this Plaintiffs or any other individuals or entities; and (b) information which in any way supports Plaintiffs' theories of recovery against this Defendant or any other individuals or entities.

6

**INTERROGATORY NO. 11:**  Please identify all persons from whom you or your representatives have taken statements relative to the subject lawsuit and the dates said statements were taken.

**INTERROGATORY NO. 12:**  What do you contend happened to Vanessa Marshall during or after her visits to the River Region Medical Center?

**INTERROGATORY NO. 13:**  Please state whether you conducted an investigation of Plaintiffs' claims prior and/or subsequent to being served with the subject complaint.  If your response is in the affirmative, please describe all actions taken as well as all individuals interviewed.

**INTERROGATORY NO. 14:**  Please identify and describe all guidelines, rules, regulations, policies, procedures and/or warnings in place prior to February 20, 2009 that employees, individuals, medical personnel and/or agents of any kind were required to follow in conjunction with the consideration and/or treatment of necrotizing fasciitis, malnutrition, and low albumin levels.  In your response, please include a statement as to whether or not said guidelines, rules, regulations, policies, procedures and/or warnings were followed as they relate to the incidents giving rise to this cause of action.

**INTERROGATORY NO. 15:**  Please describe what action, if any, you or your employee(s)/agent(s) took to prevent the death of Vanessa Marshall.

**INTERROGATORY NO. 16:**  Please identify all correspondence, memorandum, letters, electronic, and/or oral communications between you and any of the Plaintiffs herein.

**INTERROGATORY NO. 17:**  Please state the name, address and telephone number of each and every doctor, nurse, assistant, orderly and/or employee who took part in the treatment of Vanessa Marshall while she was a patient at River Region Medical Center. Please include in your response their specific roles in said treatment and whether or not

7

standard operating procedure and/or protocol was followed. [Note: Please do not refer the Plaintiffs to "medical records." Medical records do not contain the requested information and are often illegible.]

**INTERROGATORY NO. 18:** Please list every medical article or textbook which you consider to be authoritative with regard to the medical issues involved in this case or which you intend to use at trial to support any issue in this case.

**INTERROGATORY NO. 19:** Please identify any and all reports, correspondence or other records relating to the treatment of Vanessa Marshall not presently a part of the hospital chart or record.

**INTERROGATORY NO. 20:** Please describe in detail your legal, economic or business relationship(s) with any and all of the listed defendants to this suit.

**INTERROGATORY NO. 21:** Did you or any agent or employee of River Regional Medical Center know Vanessa Marshall either by name, appearance or reputation prior to the first time she sought treatment?

**INTERROGATORY NO. 22:** Please describe each and every sign or symptom of Vanessa Marshall's conditions that River Regional Medical Center or its agent(s) and/or employee(s) and/or any other persons acting on behalf of River Regional Medical Center observed relating to her complaint of nausea and vomiting.

**INTERROGATORY NO. 23:** Please state why Vanessa Marshall's albumin had dropped to 1, and why said levels where never corrected.

**INTERROGATORY NO. 24:** Please state why Vanessa Marshall became malnourished during her time as a patient at River Region Medical Center.

8

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**:  Any documents relevant to any of the claims or defenses asserted by Defendants in this case.

**REQUEST NO. 2**:  All documents constituting, evidencing, or reflecting any written or recorded statements made by or taken or obtained from any person with knowledge of any discoverable matter relating to any claim or defense arising out of the incident in question.

**REQUEST NO. 3**:  All documents which you may introduce at trial.

**REQUEST NO. 4**:  All photographs, slides, motion pictures, video pictures, visual portrayals, diagrams, simulations (computer-generated or otherwise), graphic depictions or illustrations of or relating to the injuries and/or conditions that are the subject matter of this case.

**REQUEST NO. 5**:  Any photographs, slides, motion pictures or other visual portrayals which depict any of the things, persons or entities in any way involved in the injuries and/or conditions that are the subject matter of this case.

**REQUEST NO. 6**:  All documents used in answering Plaintiffs' First Set of Interrogatories.

**REQUEST NO. 7**:  Any documents or evidence created by, relied upon or provided by your or on your behalf to any expert witness expected to testify at trial.

**REQUEST NO. 8**:  A current resume/curriculum vitae for each and every expert witness whom you expect to call at trial.

**REQUEST NO. 9**:  The detailed report of any expert you intend to call as a witness at trial.

**REQUEST NO. 10:** Financial statements and balance sheets which reflect your net worth for the fiscal years ending 2000 through the present.  This document request is continuing and includes the most current income statements available as of the date of the trial of this cause.

**REQUEST NO. 11:** All documents upon which you rely in support of any of your affirmative defenses, counterclaims, and/or cross-claims.

**REQUEST NO. 12:** The complete insurance policy or policies, including the declarations pages, which may be applicable to the claims set forth in the complaint.  This request includes all primary policies and all excess policies.

**REQUEST NO. 13:** All correspondence and documents sent to, received from, or exchanged with the Plaintiffs hereto.

**REQUEST NO. 14:** Any and all medical reports, medical and office records, X-rays, consultations and transcripts, or hospital case histories of any doctor (including, but not limited to any physician, medical doctor, doctor of osteopathy, chiropractor, or allopathic physician) evaluating or treating Vanessa Marshall for the injuries and/or conditions that are the subject matter of this case.

**REQUEST NO. 15:** Any written reports, notations, or documents received by you or your counsel from any physician or other health care professional who has evaluated the condition of Vanessa Marshall or who has rendered an opinion regarding Vanessa Marshall's condition or the treatment of Vanessa Marshall received from the Defendant, River Region Medical Center and/or its agent(s) and/or employee(s) and/or any physician or other health care professional.

**REQUEST NO. 16:**   A copy of all guidelines, rules, regulations, policies, procedures and/or warnings in place prior to February 20, 2009 that employees, individuals, medical personnel and/or agents of any kind were required to follow in conjunction with the consideration and/or treatment of necrotizing fasciitis, malnutrition, and low albumin levels.

## REQUESTS FOR ADMISSIONS

**NOTE:**      If you deny any of the requests for admissions, for each request denied, provide all facts upon which you base your denial, and identify any person with actual knowledge of those facts.

**REQUEST NO. 1:**   Please admit Vanessa Marshall reported to the River Regional Medical Center on February 20, 2009.

**REQUEST NO. 2:**   Please admit Vanessa Marshall complained of nausea and vomiting on February 20, 2009.

**REQUEST NO. 3:**   Please admit Vanessa Marshall was diagnosed with necrotizing fasciitis.

**REQUEST NO. 4:**   Please admit doctors discovered Vanessa Marshall had developed an abscess on her perineum.

**REQUEST NO. 5:**   Please admit doctors performed a debridement on Vanessa Marshall, essentially a removal of rotten tissue.

**REQUEST NO. 6:**   Please admit Vanessa Marshall was never placed in a barometric chamber.

**REQUEST NO. 7:**   Please admit Vanessa Marshall was seen on March 16, 2009 by a nephrologist.

**REQUEST NO. 8:**   Please admit the nephrologist Vanessa Marshall saw on March 16, 2009 documented issues with her malnutrition.

**REQUEST NO. 9:**   Please admit the nephrologist Vanessa Marshall saw on March 16, 2009 found that her albumin had dropped to 1.

**REQUEST NO. 10:**   Please admit Vanessa Marshall's albumin level was never corrected before her death.

**REQUEST NO. 11:**   Please admit Vanessa Marshall's wounds required proteins for healing.

**REQUEST NO. 12:**   Please admit all of Vanessa Marshall's treating physicians at River Region Medical Center were acting within the course and scope of their employment with River Region Medical Center.

**REQUEST NO. 13:**   Please admit on or about March 25, 2009, Vanessa Marshall suffered cardiac arrest in the hospital cafeteria of River Region Medical Center.

**REQUEST NO. 14:**   Please admit after she suffered cardiac arrest, Vanessa Marshall was placed on a ventilator.

**REQUEST NO. 15:**   Please admit Vanessa Marshall suffered anoxic encephalopathy.

**REQUEST NO. 16:**   Please admit Vanessa Marshall was not discharged from River Region Medical Center prior to her death.

**REQUEST NO. 17:**   Please admit Vanessa Marshall died on March 28, 2009.

**REQUEST NO. 18:**   Please admit Vanessa Marshall became malnourished while in the care and custody of the River Region Medical Center

**REQUEST NO. 19:**   Please admit placement of the patient in a barometric chamber is the proper treatment for necrotizing fasciitis.

12

**REQUEST NO. 20**: Please admit agents and/or employees of River Region Medical Center deviated from the standard of care by failing to timely place Vanessa Marshall in a barometric chamber.

**REQUEST NO. 21**: Please admit agents and/or employees of River Region Medical Center failed to timely and properly treat the wound and infections Vanessa Marshall developed, which caused malnourishment, a severe loss of proteins and her eventual death.

**REQUEST NO. 22**: Please admit agents and/or employees of River Region Medical Center undertook and agreed to diagnose Vanessa Marshall's condition.

**REQUEST NO. 23**:   Please admit agents and/or employees of River Region Medical Center undertook and agreed to care for and treat Vanessa Marshall's condition.

**REQUEST NO. 24**: Please admit agents and/or employees of River Region Medical Center possessed a duty of ordinary care while providing medical care to Vanessa Marshall.

**REQUEST NO. 25**: Please admit while providing medical care to Vanessa Marshall, agents and/or employees of River Region Medical Center possessed a duty to exercise that level of reasonable diligence and skill as would have been exercised by reasonably prudent medical professionals acting under the same or similar circumstances.

**REQUEST NO. 26**: Please admit agents and/or employees of River Region Medical Center possessed a duty to timely recognize the potential consequences of Vanessa Marshall's condition while providing medical care to her.

**REQUEST NO. 27**: Please admit agents and/or employees of River Region Medical Center possessed a duty to render sound advice and warnings to Vanessa Marshall as to the dangers of her treatment while providing medical care to her.

13

**REQUEST NO. 28:** Please admit agents and/or employees of River Region Medical Center failed to properly treat Vanessa Marshall's medical condition.

**REQUEST NO. 29:** Please admit River Region Medical Center is liable for Vanessa Marshall's death.

The foregoing Interrogatories, Requests for Production of Documents and Things and Requests for Admissions are directed to the Defendant, RIVER REGION MEDICAL CENTER d/b/a RIVER REGION HEALTH SYSTEM on this, the 11th day of July, 2011.

Respectfully submitted,

**ALPHONSO MARSHALL, INDIVIDUALLY AND ON BEHALF OF ALL OF THE HEIRS AT LAW AND WRONGFUL DEATH BENEFICIARIES OF THE ESTATE OF VANESSA MARSHALL**

BY: _____
Dennis C. Sweet, III
Terris C. Harris
Thomas J. Bellinder
Dennis C. Sweet, IV

Of Counsel:
Dennis C. Sweet, III, MSB # 8105
Terris C. Harris, MSB # 99433
Thomas J. Bellinder, MSB # 103115
Dennis C. Sweet, IV, MSB # 103009
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, Mississippi 39201
Phone: 601-965-8700
Fax:     601-965-8719

14

## CERTIFICATE OF SERVICE

I, Thomas J. Bellinder, attorney for Plaintiff, hereby certify that a true and correct copy of the foregoing has been served along with the complaint in this matter to all parties of record.

This the 11th day of July, 2011.

By: _____
Thomas J. Bellinder

## IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

ALPHONSO MARSHALL, INDIVIDUALLY AND
ON BEHALF OF ALL OF THE HEIRS AT LAW
AND WRONGFUL DEATH BENEFICIARIES
OF THE ESTATE OF VANESSA MARSHALL,                              **PLAINTIFFS**

**V.**                                               **CIVIL ACTION NO. 11, 0060-CI**

VICKSBURG HEALTHCARE, LLC d/b/a RIVER
REGION MEDICAL CENTER d/b/a RIVER REGION
HEALTH SYSTEMS; AND JOHN DOES 1-10                              **DEFENDANTS**

### FIRST AMENDED COMPLAINT

#### PLAINTIFFS REQUEST TRIAL BY JURY

COME NOW, ALPHONSO MARSHALL, INDIVIDUALLY AND ON BEHALF OF

ALL OF THE HEIRS AT LAW AND WRONGFUL DEATH BENEFICIARIES OF THE

ESTATE OF VANESSA MARSHALL, (hereinafter "Plaintiffs" unless individually specified),

and file this, their First Amended Complaint against Defendants VICKSBURG HEALTHCARE,

LLC d/b/a RIVER REGION MEDICAL CENTER d/b/a RIVER REGION HEALTH

SYSTEMS; AND JOHN DOE DEFENDANTS 1-10 (hereinafter collectively referred to as

"Defendants" unless specifically identified), and would state the following, to-wit:

### PARTIES

(1)

Alphonso Marshall is an adult resident citizen of Claiborne County, Mississippi whose

current mailing address is 6158 Tillman Road, Port Gibson, MS 39150. Alphonso Marshall was

appointed by Decree of the Claiborne County Chancery Court to serve as Administrator of the

Estate of Vanessa Marshall. A copy of the Decree has been attached hereto and incorporated

herein as Exhibit "A".

(2)

CERTIFIED AND ATTESTED A TRUE COPY
This _15_ DAY OF _____ 20 _11_
SHELLY ASHLEY-PALMERTREE, CIRCUIT CLERK
BY_____ D.C.

Defendant Vicksburg Healthcare, LLC d/b/a River Region Medical Center d/b/a River Region Health Systems is a Delaware corporation with its principal office address at 1013 Centre Road, Wilmington, DL 19805.  Defendant has appointed CSC of Rankin County, Inc. as its registered agent for service of process, who may be served at Mirror Lake Plaza, 2829 Lakeland Dr., #1502, Flowood, MS 39232.

(3)

Plaintiffs' Complaint also names unidentified john doe defendants 1 through 10, specifically including doctors, physicians, orderlies, and/or nurses, whose full identities are not known at this time, but may be substituted and served with process upon the revelation of their identities.  These unknown defendants were at all relevant times responsible for the care and medical treatment of Vanessa Marshall.

JURISDICTION

(4)

This Honorable Court has jurisdiction over the parties and this cause of action.  This civil action arises out of the tortious acts and omissions of the Defendants committed in whole or in part in Warren County in the State of Mississippi against residents of the State of Mississippi. On or about December 15, 2010, Plaintiffs, by and through her undersigned counsel, caused to be filed and delivered by certified U.S. mail to each and every Defendant, a notice of claim letter regarding the act(s) and/or omission(s) set forth herein. Miss. Code Ann. § 11-46-11 (2006).  A copy of said letter is incorporate herein by referenced and attached as "Exhibit B."  Plaintiffs submit that the Notice of Claim letter has been on file and these Defendants on notice at least sixty (60) days prior to filing the instant suit.

2

## VENUE

### (5)

Venue is properly established before this Court based upon Mississippi Code Annotated §

11-11-3(1)(a)(i) (Amended 2002).   Pursuant to the statute, venue is proper because the present

action has been instituted where at least one of the individual defendants resides and/or where

the acts and omissions complained of occurred.

## FACTS

### (6)

Vanessa Marshall, a 37 year old female, was hospitalized for nausea and vomiting on or

about February 20, 2009.  Doctors initially believed her symptoms were due to complications

from her diabetes.  Ms. Marshall was seen again at River Region on March 2, 2009.  At that visit,

Doctors discovered an abscess on her perineum.  Ms. Marshall developed a condition known as

necrotizing fasciitis, where the flesh, muscles and covering of muscles becomes rotten.  Doctors

performed a debridement on Ms. Marshall, essentially a removal of the rotten tissue.  Expert

testimony in this matter will state that a barometric chamber is the proper treatment for

necrotizing fasciitis; according to the medical records, Ms. Marshall was never placed in a

barometric chamber.

### (7)

Ms. Marshall was seen on March 16, 2009 by a nephrologist, who documented issues

with her malnutrition.  The nephrologist stated that Ms. Marshall's albumin had dropped to 1;

expert testimony will reveal that a human being cannot live with an albumin of 1, and that it is a

predictor of sudden death.  Ms. Marshall's albumin level was never corrected; as her massive

wounds required proteins for healing, her malnutrition.

(8)

On or about March 25, 2009, Ms. Marshall was sitting with her family ordering lunch in the hospital cafeteria, when she suffered cardiac arrest.  She was placed on a ventilator, but arrested once again.  Ms. Marshall then suffered anoxic encephalopathy (brain death), and expired on March 28, 2009.

(9)

According to expert review, Ms. Marshall became malnourished while in the care and custody of the River Region Medical Center, its doctors, nurses and medical staff.  As such, named Defendants (including employees of the aforementioned facilities in their official capacities as well as other unknown entities) and others deviated from the standard of care by failing to timely place Ms. Marshall in a barometric chamber, and by failing to timely and properly treat the giant wound and infections she developed, causing malnourishment, a severe loss of proteins and her eventual death.

(10)

Plaintiffs have incurred the following losses as a result of the medical negligence caused by Defendants: sustained physical pain, severe emotional distress, psychological distress, mental anguish, loss of enjoyment of life, conscience pain and suffering, wrongful death, economic damages (of all kinds), non-economic damages (of all kinds), funeral expenses, medical expenses and other damages to be identified during the course of discovery.

CAUSES OF ACTION

MEDICAL NEGLIGENCE

(11)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as

if set forth herein in their entirety.

(12)

Defendants were entrusted with important duties related to the overall care, treatment, and wellbeing of Vanessa Marshall, including but not limited to, providing minimally competent healthcare treatment, diagnoses, and prognosis with regard to her health and physical condition.

(13)

Defendants owed Vanessa Marshall a duty to exercise that standard of care required of a minimally qualified medical facility, which includes physicians, nurses, and others, with similar medical resources as were available at River Region at the time Vanessa Marshall was treated.

(14)

Defendants breached the standard of care by failing to properly diagnose, treat, and/or prevent the worsening or deterioration of Vanessa Marshall's condition.   Specifically, Defendants caused and otherwise permitted malnourishment and a critically low albumin level, which led to Vanessa Marshall's death.  Defendants were also negligent in their overall care and treatment of Vanessa Marshall's necrotizing fasciitis, as well as her overall care and treatment after the malnourishment occurred.

(15)

The act(s) and/or omission(s) of the Defendants proximately caused a severe, catastrophic, and permanent injury to Vanessa Marshall, which ultimately resulted in her death.

(16)

The above acts constitute medical negligence and negligence per se and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by Plaintiffs.

## NEGLIGENT HIRING, RETENTION, SUPERVISION, AND/OR CONTROL

### (17)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

### (18)

At the time and on the occasion in question, Defendants employed and retained certain physicians and nursing staff, who, while acting within the course and scope of their respective employment with Vicksburg Healthcare, LLC, negligently caused the death of Vanessa Marshall.

### (19)

Further, Defendants were negligent in their hiring, training, retention, supervision and/or control of its employees. Defendants had individual duties to exercise ordinary care in the hiring, training, and supervision of its employees. Defendants breached their individual duties in the following respects, among others:

a.    Failing to adequately monitor and supervise its employees;

b.    Failing to adequately train its employees and nursing staff;

c.    Failing to properly treat and care for Vanessa Marshall's condition as a whole; and

d.    other act(s) and/or omission(s).

### (20)

The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiffs.

6

## GROSS NEGLIGENCE

### (21)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

### (22)

The action(s) and/or omission(s) of these Defendants, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. Defendant Vicksburg Healthcare, LLC d/b/a River Region Medical Center d/b/a River Region Health Systems, by and through their employees, servants, and/or agents, had actual, subjective awareness of the risk of further injury to Vanessa Marshall once the necrotizing fasciitis, low protein levels and malnourishment set in. Nevertheless, Defendants' agents and employees proceeded with conscious indifference as to the rights, safety, and welfare of necrotizing fasciitis in negligently treating her symptoms. Such conduct constitutes gross negligence (malice) as the term is defined under Mississippi law.

### (23)

The above act(s) and/or omission(s) constitute gross negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiffs.

## RESPONDEAT SUPERIOR

### (24)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

(25)

Defendant Vicksburg Healthcare, LLC d/b/a River Region Medical Center d/b/a River Region Health Systems employed certain doctors, physicians, nurses and/or nursing staff at the time necrotizing fasciitis was injured. Based upon information and belief, the doctors, physicians, nurses and/or nursing staff with Vicksburg Healthcare, LLC d/b/a River Region Medical Center d/b/a River Region Health Systems negligently caused the death of Vanessa Marshall. Based upon information and belief, the nurses and/or nursing staff with Vicksburg Healthcare, LLC d/b/a River Region Medical Center d/b/a River Region Health Systems negligently failed to place Vanessa Marshall in a barometric chamber to treat her necrotizing fasciitis. At all relevant times, these doctors, physicians, nurses and/or nursing staff were acting within the course and scope of their employment with Vicksburg Healthcare, LLC d/b/a River Region Medical Center d/b/a River Region Health Systems. At all relevant times, these doctors, physicians, nurses and/or nursing staff were actual employees of Vicksburg Healthcare, LLC d/b/a River Region Medical Center d/b/a River Region Health Systems. At all relevant times, these doctors, physicians, nurses and/or nursing staff were not independent contractors. As a result, Mississippi law imposes liability upon employers, such as Vicksburg Healthcare, LLC d/b/a River Region Medical Center d/b/a River Region Health Systems, for injuries caused by their employees while acting within the course and scope of their employment.

## LOSS OF ENJOYMENT OF LIFE/PAIN AND SUFFERING

(26)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

(27)

8

As a result of this incident, Plaintiffs have not been able to spend quality time with each other and their family due to the physical, emotional, economical, and psychological drain the entire incident has placed upon their family. Plaintiffs have incurred both physical and mental pain and suffering relating to this incident. As a result, Plaintiffs' Complaint specifically asks for relief for loss of enjoyment of life and pain and suffering proximately caused by the accident described herein. Plaintiffs would request an award for loss of enjoyment of life and pain and suffering that complies with current Mississippi law.

## ECONOMIC DAMAGES

### (28)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

### (29)

As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek the recovery of any and all kinds of economic damages incurred as a result of the death of Vanessa Marshall.

## NON-ECONOMIC DAMAGES

### (30)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

### (31)

As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek recovery for certain non-economic damages, in addition to those claims for such damages explicitly stated herein, which occurred as a result of Defendants' negligent act(s) and/or omission(s); including,

but not limited to: pain, suffering, wrongful death, dismemberment, partial disfigurement, permanent disfigurement, inconvenience, mental anguish, worry, emotional distress, loss of society and companionship, loss of consortium, physical impairment, loss of the enjoyment of life, hedonic damages, and others as set forth in Miss. Code Ann. Sect. 11-1-60 (2006).

## PUNITIVE / EXEMPLARY DAMAGES

### (32)

Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

### (33)

As Defendants' actions constituted a reckless disregard for the rights and safety of other human beings, Plaintiffs specifically request a punitive damages instruction as to all Defendants. Punitive damages instructions may be given when the trial court so determines that the Defendants' conduct is so willful, wanton, or egregious that it evidences a reckless disregard for the rights and safety of others.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15

### (34)

Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiffs herein specifically reserve the right to name additional defendants, and to otherwise amend this Complaint as necessary, should later facts establish the need to do so.

## SUBSTITUTION OF PARTIES PURSUANT TO MISS. R. CIV. P. 25 & 9(h)

### (35)

Pursuant to Rules 25 and 9(h) of the Mississippi Rules of Civil Procedure, Plaintiffs herein specifically reserve the rights to substitute any and all real parties in interest once their

true identities have been revealed through discovery.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants the above damages, including actual, compensatory, exemplary, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

This, the 10th day of August, 2011.

Respectfully submitted,

ALPHONSO MARSHALL, INDIVIDUALLY AND ON BEHALF OF ALL OF THE HEIRS AT LAW AND WRONGFUL DEATH BENEFICIARIES OF THE ESTATE OF VANESSA MARSHALL

BY: _____
     Dennis C. Sweet III
     Thomas J. Bellinder

*Attorneys for the Plaintiffs*

Of Counsel:
Dennis C. Sweet III, MSB # 8105
Thomas J. Bellinder, MSB # 103115
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, Mississippi 39201
Phone: 601-965-8700
Fax:   601-965-8719

11

)                                    )

## CERTIFICATE OF CONSULTATION

I, Thomas J. Bellinder, Esq., one of the attorneys for the Plaintiffs, do hereby certify that prior to this date, this attorney has reviewed the facts of this case and has consulted with at least one (1) expert, qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence, who is ready, willing, qualified, and able to provide expert testimony as to the standard of care or negligence and who this attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that this attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action. I, Thomas J. Bellinder, Esq., make this certificate in compliance with Mississippi Code Annotated Section 11-1-58 (2007) and all other applicable statutes.

This, the 12th day of May, 2011.

BY: _____
                    Thomas J. Bellinder

Of Counsel:
Dennis C. Sweet III, MSB # 8105
Terris C. Harris, MSB # 99433
Thomas J. Bellinder, MSB # 103115
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, Mississippi 39201
Phone: 601-965-8700
Fax:   601-965-8719

IN THE CHANCERY COURT OF CLAIBORNE COUNTY, MISSISSIPPI

IN THE MATTER OF THE ESTATE
OF VANESSA D. MARSHALL, DECEASED

ALPHONZO MARSHALL, PETITIONER                    NO.: 2009-0243PR

### DECREE GRANTING PETITION TO APPOINT
### ADMINISTRATOR AND FOR LETTERS OF ADMINISTRATION

THIS MATTER, having come before the Court on the Petition of Alphonzo Marshall, for Appointment of Administrator and Letters of Administration of the Estate of Vanessa D. Marshall, deceased, and the Court, after being fully advised in the premises does find as follows:

1.      That on March 30, 2009, Vanessa D. Marshall, departed this life, having at the time of her death a fixed place of resident in Claiborne County, Mississippi, having resided at 6158 Tillman Road, Port Gibson, MS 39150. At the time of her death, the decedent was 37 years of age, having been born July 8, 1971.

2.      That the deceased, as far as the Petitioner believes, left no Last Will and Testament.

3.      That the Petitioner, Alphonzo Marshall, is the father of the decedent. The decedent left surviving the following potential heirs-at-law:

        a.      Alphonzo Marshall- father;

        b.      Merlene Marshall -mother;

        c.      Faye Marshall-sister;



FILED

JAN 0 5 2010

Book_____ Page_____
Gloria Dotson, Clerk
By_____ D.C.



EXHIBIT
A

d.    Michael Marshall – brother

e.    Loretha Marshall – sister; and

f.    Demetrius Wansley

4.    That the decedent left an estate consisting of nothing more than personal effects such as clothing. As such, the Petitioner requests that the requirement of posting a bond be waived.

5.    That the Petitioner is in all respect qualified to serve as Administrator of the Estate of Vanessa D. Marshall, deceased, and is ready, willing and able to assume and perform the duties of his office. Petitioner is over the age of eighteen (18) years, is of sound mind and not a convicted felon.

6.    That the Petitioner has and shall make reasonably diligent efforts to identify persons having claims against the estate, and will give notice to them by mail as required by §91-7-145, Miss. Code Ann., 1972, as amended.

7.    That in accordance with Miss. Code Ann. 91-7-61, as amended, Petitioner is seeking appointment to investigate and/or bring a lawsuit against defendants unknown to the Petitioner at this time for the wrongful death of Vanessa Denise Marshall, deceased. Petitioner request that upon closing of the investigation and/or litigation his duties as Administrator shall cease and no accounting will be required.

IT IS THEREFORE ORDERED AND ADJUDGED that the Petitioner is hereby appointed Administrator of the Estate of Vanessa D. Marshall, deceased; and that Letters of Administrator shall be granted to him upon taking and filing an Administrator's Oath as required by law;

IT IS FURTHER ORDERED AND ADJUDGED that upon closing of the investigation and/or litigation Alphonzo Marshall's duties as Administrator shall cease and no annual accounting will be required.

SO ORDERED AND ADJUDGED this the _17_ day of _Dec_ 2009.

_____
CHANCELLOR

Submitted by:

_____
Dennis C. Sweet III – MSB: 8105
Warren L. Martin, Jr. – MSB: 101528
Thomas Bellinder – MSB: 103115
SWEET & ASSOCIATES, P.A.
158 East Pascagoula Street
Jackson, MS 39201
Tele: 601-965-8700
Fax: 601-965-8719



158 East Pascagoula Street
Jackson, Mississippi 39201

Phone: 601.965.8700
Fax: 601.965.8719

**SWEET & ASSOCIATES**
ATTORNEYS AT LAW

Dennis C. Sweet III ₁
Warren L. Martin, Jr ₂
Thomas J. Bellinder ₃
Dennis C. Sweet IV ₂
₁ Licensed in Alabama,
  Mississippi and Washington, D.C.
₂ Licensed in Mississippi only
₃ Licensed in Florida and
  Mississippi

December 15, 2010

**VIA CERTIFIED MAIL**
River Region Medical Center Auxiliary
ATTN: Chief Executive Officer
2100 Highway 61 North
Vicksburg, MS 39183

**VIA CERTIFIED MAIL**
River Region Health System
ATTN: Chief Executive Officer
2100 Highway 61 North
Vicksburg, MS 39183

**VIA CERTIFIED MAIL**
River Region Medical Center
ATTN: Chief Executive Officer
2100 Highway 61 North
Vicksburg, MS 39183

Re:    Notice of Claim

Dear Sirs and Madams:

Scope of Representation

This letter will serve as official notice of a claim against River Region Medical Center Auxiliary, River Region Health System, River Region Medical Center; and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities) pursuant to all applicable statutes, including but not limited to, Miss. Code Ann. § 11-46-11, Miss. Code Ann. §15-1-36, 42 U.S.C. § 1983, any other applicable state or federal statute or constitutional provision(s), and/or any applicable state or federal common law cause(s) of action. The aforementioned individuals and/or entities as well as unknown employees of the aforementioned facilities are known to be involved with the incident described herein.

Our firm has been retained by Alphonso Marshall, on behalf of the Estate of Vanessa D. Marshall, deceased.



<u>The Time and Place the Injury Occurred</u>

This representation arises from the medical treatment of Vanessa Marshall, which began on or about February 20, 2009.  At all relevant times, Vanessa Marshall was a patient of and in the sole care, custody and control of River Region Medical Center, its doctors, nurses and other medical staff.  Claimants have it upon information and belief that the location of the events leading to Vanessa Marshall's death took place at River Region Medical Center, 2100 Highway 61 North, Vicksburg, MS 39183.  Claimants reserve the right to supplement an additional location and further information as it becomes available.  On or about March 28, 2009, Vanessa Marshall died.

<u>Residence of the Person Making the Claim at the Time of the Injury</u>

At the time of this injury, Vanessa Marshall maintained a permanent residence at 6158 Tillman Road, Port Gibson, Mississippi 39150.

<u>Residence of the Claimant at the time of the Filing of this Notice</u>

At the filing of this notice, Alphonso Marshall resides at 6158 Tillman Road, Port Gibson, Mississippi 39150. The Estate of Vanessa Marshall has been opened in the Chancery Court of Claiborne County, Mississippi; Alphonso Marshall, as the natural father and next friend of the decedent, has been appointed Administrator of the Estate of Vanessa Marshall.

<u>The Circumstances Which Brought About the Injury</u>
<u>The Extent of the Injury</u>
<u>The Names of All Persons Known to Be Involved</u>

Vanessa Marshall, a 37 year old female, was hospitalized for nausea and vomiting on or about February 20, 2009.  Doctors initially believed her symptoms were due to complications from her diabetes. Ms. Marshall was seen again at River Region on March 2, 2009.  At that visit, Doctors discovered an abscess on her perineum.  Ms. Marshall developed a condition known as necrotizing fasciitis, where the flesh, muscles and covering of muscles becomes rotten.  Doctors performed a debridement on Ms. Marshall, essentially a removal of the rotten tissue.  Expert testimony in this matter will state that a barometric chamber is the proper treatment for necrotizing fasciitis; according to the medical records, Ms. Marshall was never placed in a barometric chamber.

Ms. Marshall was seen on March 16, 2009 by a nephrologist, who documented issues with her malnutrition.  The nephrologist stated that Ms. Marshall's albumin had dropped to 1; expert testimony will reveal that a human being cannot live with an albumin of 1, and that it is a predictor of sudden death. Ms. Marshall's albumin level was never corrected; as her massive wounds required proteins for healing, her malnutrition.

On or about March 25, 2009, Ms. Marshall was sitting with her family ordering lunch in the hospital cafeteria, when she suffered cardiac arrest.  She was placed on a

ventilator, but arrested once again.  Ms. Marshall then suffered anoxic encephalopathy (brain death), and expired on March 28, 2009.

According to expert review, Ms. Marshall became malnourished while in the care and custody of the River Region Medical Center, its doctors, nurses and medical staff. As such, River Region Medical Center Auxiliary; River Region Health System; River Region Medical Center; and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities); and others deviated from the standard of care by failing to timely place Ms. Marshall in a barometric chamber, and by failing to timely and properly treat the giant wound and infections she developed, causing malnourishment, a severe loss of proteins and her eventual death.

The act(s) and/or omission(s) of River Region Medical Center Auxiliary; River Region Health System; River Region Medical Center; and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities); and others caused and/or exacerbated the condition and ultimate death of Vanessa Marshall.  Claimants have it on information and belief that the medical conditions Ms. Marshall experienced immediately prior to her death were directly and proximately caused as a result of the act(s) and/or omission(s) of those listed herein. Claimants are prepared to show by the appropriate standard of proof that River Region Medical Center Auxiliary, River Region Health System, River Region Medical Center; and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities); and others breached the standard of care owed to Vanessa Marshall, deceased.  As a result of the act(s) and/or omission(s), Ms. Marshall sustained conscience pain and suffering, loss of enjoyment of life, economic as well as other non-economic damages.  The extent of the injury includes the aforementioned elements as well as death.

It is abundantly clear that from the act(s) and/ or omission(s) of River Region Medical Center Auxiliary, River Region Health System, River Region Medical Center; and John Does 1-15 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities); and others, there was a breach of the standard of care owed to Vanessa Marshall, deceased.  As a proximate cause of the breach of this standard of care, Alphonso Marshall on behalf of the Estate of Vanessa Marshall, deceased, seeks damages for sustained physical pain, severe emotional distress, psychological distress, mental anguish, loss of enjoyment of life, conscience pain and suffering, wrongful death, economic damages (of all kinds), non-economic damages (of all kinds), funeral expenses, medical expenses and other damages as a result of this incident.

Types of Claims Likely to Be Made
Amount of Money Damages Sought

Claimant intends to assert the following state law claims:  (i) negligence, (ii) gross negligence, (iii) medical malpractice, (iv) negligent inflection of emotional distress, (v) civil battery, (vi) *res ipsa loquitur* liability; (vii) *negligence per se;* (viii) wrongful death,

(ix) loss of consortium; (x) fraud (xi) economic damages; (xii) non-economic damages; (xiii) punitive damages against any and all defendants not afforded protection under the Mississippi Tort Claims Act, as well as (xiv) other causes of action which may later be established by the evidence.   Claimants seek money damages in excess of the jurisdictional amount of the circuit court of competent jurisdiction within the State of Mississippi for past, present and future medical expenses, pain and suffering, and any additional damages claimants may be entitled to by law or that the circuit court may deem appropriate. As of the date of this notice, claimants seek money damages in the amount of $15,000,000.00, plus attorneys' fees and costs.

Please refer all correspondence or communication to my office relating to this claim. Should you need additional information, please contact my office.

Respectfully,

SWEET & ASSOCIATES

By: _____

Dennis C. Sweet, III
Warren L. Martin, Jr.
Thomas J. Bellinder