```
            IN THE UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION

ALPHONSO MARSHALL, INDIVIDUALLY AND
ON BEHALF OF ALL OF THE HEIRS AT LAW
AND WRONGFUL DEATH BENEFICIARIES
OF THE ESTATE OF VANESSA MARSHALL,                    PLAINTIFFS

V.                              CASE NO.:5:11-cv-00121-DCB-RHW

VICKSBURG HEALTHCARE, LLC d/b/a RIVER
REGION MEDICAL CENTER d/b/a RIVER REGION
HEALTH SYSTEMS; AND JOHN DOES 1-10                    DEFENDANTS
```

## ORDER

This cause is before the Court on Plaintiffs' Motion to Remand [docket entry no. 7]. Having considered the said Motion, Defendant's response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. Procedural History

Plaintiff Alphonso Marshall, a Mississippi citizen, filed the present case, individually and on behalf of all the decedent's beneficiaries, in the Circuit Court of Warren County, Mississippi. Defendant Vicksburg Healthcare, LLC, ("VHC") removed the case to this Court on the basis of diversity jurisdiction. See 28 U.S.C. § 1332. In its Notice of Removal, VHC invoked this Court's jurisdiction by averring that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that it is diverse from Marshall as a Delaware corporation with its principal place of business in Delaware. See Notice of Removal, Attachment #1.

Marshall now moves for remand, stating that VHC's principal place of business is in fact in Vicksburg, and therefore it should be considered a resident of Mississippi for jurisdictional purposes.[1] See 28 U.S.C. § 1332(c)(1). VHC does not expressly deny this allegation in its response. Instead, VHC relies entirely on Marshall's Amended Complaint, in which he states that VHC's principal office is in Delaware. Vicksburg purportedly construes Marshall's statement to be a judicial admission justifying its removal of the cause to this Court.

## II. Discussion

A federal court possesses subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. If a federal court, as a court of limited jurisdiction, lacks this statutory or constitutional power to adjudicate a claim, it must not hear the case. See Home Builders Ass'n, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998); Stockman v. Federal Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998) (citing Veldhoen v. United States Coast Guard, 35 F.3d 222, 225 (5th Cir. 1994)).

---

[1] Additionally, Marshall argues that the presence of fictitious, named defendants, e.g., John Does, defeats diversity in this matter because some of these defendants are likely to be Mississippi residents. This argument is foreclosed by the removal statute itself, 28 U.S.C. § 1441(a)("[T]he citizenship of defendants sued under fictitious names shall be disregarded."), and thus is without merit.

Conversely, once a federal court determines that it has the requisite authority, its exercise of that authority is mandatory, and "[t]he parties cannot waive or agree to destroy that original jurisdiction." Cuevas v. BAC Home Loans Servicing, LP, No. 10-20735, 2011 WL 3112324, at *6 (5th Cir. July 27, 2011). At all times during the litigation, a federal court has an abiding responsibility to carefully police its jurisdiction, see Ruhgras AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999), and accordingly should raise jurisdictional issues sua sponte if it finds its authority in doubt. McDonal v. Abbott Labs., 408 F.3d 177, 182 n.5 (5th Cir. 2005).

It is incumbent upon the party who invokes federal jurisdiction to demonstrate to the court that jurisdiction is proper. See, e.g., Ray v. Bird & Son & Asset Realization Co., Inc., 519 F.2d 1081, 1082 (1975)("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). This is true for remand motions even though the plaintiff files the initial motion with the Court. See, e.g., Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988)("When considering a motion to remand, the removing party bears the burden of showing that removal was proper."). To overcome the plaintiff's challenge in a motion for remand, the defendant must present evidence that removal was warranted; mere allegations or conclusory statements will not suffice. Welsh v. American Surety Co., 186 F.2d

16, 17 (5th Cir. 1951). Failure of the Court to require such evidence from the defendant is reversible error. See Roberts v. Lewis, 144 U.S. 653, 658 (1892); Guerrero v. State Farm Mut. Auto. Ins. Co., 181 F.3d 97 (5th Cir. 1999) (unpublished op.) (reversing the decision of the district court for not requiring the defendant to supply evidence to support its allegation that its principal place of business was in Illinois). Further, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

### III. Analysis

*A. Vicksburg Healthcare as a Limited Liability Company*

The style of the case designates Vicksburg Healthcare as a limited liability company. It is well-settled in this circuit that a limited liability company's citizenship is that of its members, as opposed to its principal place of business. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).

From the record before the Court, it appears that VHC is indeed a limited liability company, not a corporation. Both parties consistently refer to Vicksburg Healthcare, *LLC* throughout their briefs rather than "Inc.", the abbreviation common for corporations. These two facts alone would persuade this Court that Vicksburg Healthcare is a limited liability company but for some

4

noticeable inconsistencies in the parties' pleadings which give this Court pause.

For instance, Marshall in his Amended Complaint states "Defendant Vicksburg Healthcare, LLC d/b/a River Region Medical Center d/b/a River Region Health Systems is a Delaware *corporation* with its principal office address at 1013 Centre Road, Wilmington, DL 19805. (emphasis added)." Docket entry no. 1, Attachment #2. Again, in his Motion for Remand, Marshall contends that "the Delaware *Corporation* is a mere shell (emphasis added)." Docket entry no. 7 ¶ 5. Similarly, VHS represented itself as a corporation in the civil cover sheet attached to its Notice of Removal when it checked the box: "Incorporated and Principal Place of Business in Another State." Docket entry no. 1, Attachment #1. Consistent with these representations, both parties have stated that VHC is *incorporated* in Delaware.

Due to the conflicting representations made by both parties, at this point the Court can only speculate as to whether the parties' central argument is founded upon a misapplication of law, presuming that VHC is indeed a limited liability company, or that the parties' legal discussion is correct, indicating that VHC is incorporated. Either way, the Court cannot determine whether it has subject matter jurisdiction over the controversy until it is either disabused of the notion that VHC is in fact unincorporated or is satisfied that each of VHC's members are non-Mississippi residents.

See Harvey, 542 F.3d at 1080; see also Mechali v. CTZ Mortg. Co., LLC, No. 4:11-CV-114, 2011 WL 2683190, at *1 (E.D. Tex. June 7, 2011)(stating that a Delaware LCC's citizenship is that of its members); Oracle Oil, LLC v. Liberty Mut. Ins. Co., No. 10-388-JJB-DLD, 2010 WL 5575758, at *2 n.1 (M.D. La. Nov. 22, 2010) (same). In the event that VHC is found to be a corporation, the Court will briefly turn to the argument contained in the parties' briefs concerning VHC's principal place of business.

*B. Vicksburg Healthcare as a Corporation*

A corporation is said to have dual citizenship: it is deemed a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. §1331(b)(1). VHC contends that Marshall judicially admitted that VHC's principal place of business is in Delaware in its Amended Complaint; however, VHC's reliance on Marshall's Amended Complaint is problematic for at least two reasons. First, VHC misconstrues Marshall's Amended Complaint. Marshall did not state that VHC's principal place of *business* is in Delaware, rather he stated that its principal *office* is in Delaware. These terms are not interchangeable, and the fact that a business maintains a principal office in a state does not mean that its principal place of business is located there, although it is a factor to be considered in the Court's overall principal-place-of-business analysis. See Hertz Corp. v. Friend, --- U.S. ---, ---, 130 S. Ct. 1181, 1190

(2010) (noting that a corporation's "principal office" is not always located in its principal place of business); Gavin v. Read Corp., 356 F. Supp. 483, 486 (D.C. Pa. 1973)("It is worth noting that the term 'principal place of business' does not mean 'principal office'" (citations omitted)). Therefore, the Court does not agree with VHC's assessment that this statement is tantamount to a judicial admission that its principal place of business is in Delaware. See Hesse v. Blue Cross Blue Shield of Texas, No. 4:11-CV-362, 2011 WL 4025453, at *2 (E.D. Tex. August 15, 2011) ("Defendant did not say that its 'principal place of business' was in Texas. The words 'principal office' do not amount to a judicial admission.").

More importantly, even if Marshall had made such an admission, parties cannot confer jurisdiction upon this Court by agreement. See Cuevas, 2011 WL 3112324, at *6. While VHC correctly points out that Marshall has offered no evidence to support his Motion for Remand,[2] the same can be said of its justification for removal, and as the party originally invoking this Court's jurisdiction, it maintains the burden of proof. See Willy, 855 F.2d 1160, 1164. VHC may not rely on Marshall's unsupported allegation as proof of fact,

---

[2] Marshall merely concludes: "In this case, upon information and belief the Defendant's only place of business, place of operation and place of activity is Vicksburg, Mississippi. It appears that the Delaware Corporation is a mere shell, set up solely for the purpose of lawsuit removal and increased burden upon Plaintiff."

see Welsh, 186 F.2d at 17, and the Court finds it problematic that VHC chose to rely on Marshall's ambiguous statement as a "judicial admission" rather than offer substantive facts to support its invocation of the Court's jurisdiction.

### III. Conclusion

This Court may not assert jurisdiction over this cause without evidence that it has the requisite authority to do so. Home Builders Ass'n, 143 F.3d at 1010. As it stands, the evidence is insufficient for the Court to make a determination in this matter, but the Court, mindful of the rule that the "removal statute should be strictly construed in favor of remand", Manguno 276 F.3d at 723, is inclined to remand the action to state court. Nevertheless, out of an abundance of caution, the Court will give VHC seven (7) days from the filing of this Order to either (1) explain why this Court has jurisdiction over VHC as a limited liability company or, if VHC continues to maintain that it is incorporated, (2) to produce satisfactory evidence and further argument to support its claim that its principal place of business is in Delaware, consistent with the guidelines outlined by the Supreme Court. See Hertz Corp. v. Friend, --- U.S. ---, 130 S. Ct. 1181 (2010)(adopting the nerve center test for determining a corporation's principal place of business). Should VHC respond to this Order, Marshall will be allotted an equal amount of time to address VHC's argument; however, if the Court hears nothing from VHC within seven (7) days,

the above styled and numbered cause will be remanded to the Circuit Court of Warren County, pursuant to 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant present argument and evidence either (1) explaining why this Court has jurisdiction over VHC as a limited liability company, or alternatively, (2) supporting its claim that its principal place of business is in Delaware within seven (7) days of filing this Order, otherwise the Plaintiffs' Motion to Remand [docket entry no. 7] will be granted.

**SO ORDERED AND ADJUDGED** this the _17th_ day of October 2011.

          ___/s/ David Bramlette___
          **UNITED STATES DISTRICT COURT**